So we'll call the case of Holland v. Warden Canaan, and that's 19-1800. Mr. Feldman. May it please the court. My name is James Feldman Jr. and it is my privilege to represent the appellants in this case, Jeffrey Holland. I'd like to reserve three minutes for rebuttal. Sure. Thank you. This court should reverse the judgment of the district court for two reasons. First, after Watson v. United States, Jeffrey Holland is no longer guilty. He's actually innocent of the 924C offense charge in this case. There seems to be agreement on that issue. Yes, sir. What about the jurisdictional issue you folks briefed for us? Your Honor, the district court had jurisdiction in this case for two reasons. First, Mr. Holland is in custody under the color of the United States. And second, he meets the criteria established by this court endorsement bill. I know this court asked about 2244A, but that is not a applicable in this case at all for two reasons. First, this court held in Parnari v. U.S. Parole Commission that to raise 2244 issues, the government needs to raise it in the district court. And the district court then must give the petitioner a chance to respond. But if the government doesn't raise that issue, then it's waived. And that's what happened in this case. Government did not raise that issue, and therefore it's waived. But even if it has raised the issue, 2244A would not have given the district court a basis for denying this petition without addressing the merits because 2244A, as this court has held and also held in Parnari, only applies to an issue that has been previously raised in a previous habeas petition and decides on the merits. And that didn't happen in this case. Mr. Holland did raise this issue in a prior 2241 petition. It was never decided on the merits. In fact, the first time it was dismissed without prejudice. So I don't think that 2244A provides a basis for this court to dismiss this appeal. Second, the 2244A gives the district court a discretion under certain circumstances, which as I said before, doesn't apply in this case. But even if the criteria of 2244A did apply in this case, it would have been an abuse of discretion for the district court to dismiss it on that basis because Mr. Holland made a factually instance of this offense. And as this court has noted in Dorsendal, not to address an issue under that circumstance would result in a... I'm sorry. My mind is just sort of gone a little bit, but it would have been a for those reasons, I think this court certainly has jurisdiction. In fact, this court wouldn't have any jurisdiction to dismiss under 2244A in any way because that statute gives the discretion to the district court for the court initially hearing this case to decide whether or not to hear it. And the district court in this case did decide to hear it. Also, the evidence in this case was not sufficient to support Mr. Holland's conviction even under an Adian and Abedin theory. Under an Adian and Abedin theory, the government must prove at least that somebody actually committed this 924C offense. And in this case, the government was claiming that Adrian Stewart committed the offense. But the evidence that shows that there's not sufficient evidence to show that she did. First, Adrian Stewart is the person who sold Mr. Holland the gun in exchange for one eighth of an ounce of crack cocaine and $80. In order for her to be guilty of 924C, she would have had to have used that gun during and to a drug trafficking crime. Section 924C2 defines drug trafficking crime as any felony punishable under the Controlled Substances Act. But in this case, the evidence is that Ms. Stewart used this crack cocaine and purchased it for her own use, for personal use. And that is not a Mr. Holland committed a felony under the Controlled Substances Act, but he sold her that eighth ounce of crack cocaine. But she did not use her gun during and in relation to that offense, because as the Supreme Court held in Smith, in order for someone to, the during and relation element requires that the firearm actually facilitate the drug trafficking crime. In this case, it didn't facilitate that crime, because this was, as the Supreme Court held in Abulhala versus United States, in a buyer-seller relationship, the buyer does not facilitate the sale by the seller. The buyer is a necessary component in any kind of buyer-seller situation. So Ms. Stewart did not facilitate that crime in any way. And finally, after Rosamond versus United States, it's clear that Mr. Holland was not guilty of aiding and abetting, because that case held that to be guilty of aiding and abetting, the person who used the gun must be a confederate of the person charged of aiding and abetting the 924c offense. And there's no evidence at all that Mr. Holland and Ms. Stewart were confederates. She didn't offer a home for the storage of the drugs. She didn't go to New York to help buy the drugs. She didn't get drugs on consignment. She didn't purchase, well, first, she didn't purchase enough drugs for the jury to conclude that she was selling them. An eighth of an ounce is not that much. So there's just nothing there to show that she was part of this conspiracy. Therefore, she just can't be guilty of that. There's insufficient evidence. And second, under Rosamond, the jury was not correctly instructed on that count, because they were never instructed that Mr. Holland had to know in advance that a confederate would use or carry a gun during the Crimes Commission. And that error was not harmless beyond a reasonable doubt, because there's at least a reasonable probability that had the jury been correctly instructed, it wouldn't have found that Ms. Stewart was a confederate, for the reasons that I've said. So second, the error was plain. It was obvious. It's right in the records. You can read it. The error violated Mr. Holland's substantial rights. If it weren't for that error, Judge Graham would have granted his habeas petition. And it goes without saying that the fairness, integrity, or public reputation of judicial proceedings are always seriously affected whenever a court error results in the conviction of someone who's actually innocent. You know, unless the court has any questions, that's really all I have to say. Thank you. Judge Beavis and Judge Porter. Thank you very much, Mr. Feldman. Mr. Behe? Am I pronouncing your name right? It's Behe, Your Honor. Behe, I'm sorry. Mr. Behe? That's all right, Your Honor. I've struggled mightily with how to pronounce Abu Ulawa, so pronouncing it Behe versus Behe is fine by me. The first point I'd address is the question regarding jurisdiction. As the court asked in its letter, was jurisdiction to entertain this fourth 2241 petition, did the court have jurisdiction to do that? And does this court have jurisdiction? I disagree with Mr. Feldman. Very, very fine argument. But the language of 2244A is not restricted to the district court. It says any circuit or district judge is not required to regardless of whether the parties concede jurisdiction in the district court, every court has the requirement to determine first whether it has jurisdiction to consider a matter or not. So I don't think this court is prohibited by the government's action or the district court's consideration of this from deciding whether or not the prior 2241 petitions that were and then the district court's dismissing those affirmed by this court and its 2011 decision would prohibit him from proceeding. Mr. Behe, that's right. We always have jurisdiction to determine our jurisdiction. We're not bound by the party's positions on that, though we're informed by them. But I took your letter to be agreeing that 2244A, certainly no court may be required to, doesn't put a mandate on us, doesn't borrow us jurisdictionally. So then the question comes down to 2255E. And again, tell me if I read your letter right, but I didn't take you to be contesting that that was jurisdictional so much as that we should be exercising our discretion or should be applying the abuse of the writ doctrine pre-McCleskey v. Zant and ourselves choosing not to entertain this. Is that the right understanding? This is not a jurisdictional matter? Well, I looked at it from the way that I perceived all the decisions from the courts, Cordero and Bruce and the others to have looked at it, where they found the district court had jurisdiction to entertain it. The question of jurisdiction comes from the saving clause. So the clear language of 2244A that no judge is required to entertain it doesn't appear to bar a judge from considering it. But you have to then go to the savings clause because at the end of 2244A it says accept as provided in 2255. And that's where you have this requirements that 2255A that it is inapplicable or ineffective, then the court shouldn't entertain it. So it's almost as if these arguments as they proceeded through the courts have been an either or proposition. The court is not required to entertain it, but even if they did, there would be no finding that the individual established that they were actually innocent under the standard and therefore the district court was right. So I think I said in my letter that 2255E is jurisdictional while saying that the language alone of 2244A was not. My question is a little different. E might be jurisdictional. The circuits are split on it. We have a footnote that kind of noted that circuit split. But if it's jurisdictional, it's jurisdictional about what belongs under 2255 and what belongs under 2241. E doesn't say anything about second or successive explicitly. And the way we interpreted it in Dorset and Ville is allows these kinds of proceedings to go forward. So do you take the position that 2255E is a jurisdictional bar to second or successive petitions that otherwise properly belong under 2241? Yes, if you cannot establish actual innocence based on a subsequent, I'm sorry, subsequent substantive decision that makes conduct that was previously criminal, non-criminal, then you cannot proceed. Okay, your position then is that there is a jurisdictional bar that has an exception for actual innocence. But on these facts, you don't believe actual innocence is satisfied, but your position is there would be no jurisdictional bar in a future case where someone was actually innocent. Yes, I can't imagine advocating to the court that if somebody was able to establish that they were actually innocent, that I on behalf of the United States would be advocating to the court that you couldn't consider that. I know the Supreme Court has not weighed in on the standalone actual innocence matter, but there's no doubt that we would not be arguing if he established he was actually innocent that the court couldn't consider unless it's been decided. So then the jurisdictional work is not doing any merits argument on your position. So we might as well just get to the merits argument then. Well, that seems to be the way like when I said that these appear to be either or arguments. If you look at the government's pleadings from 2009 and 2011 and 2017, that's how we shaped our arguments. And that's how I believe I, even in my response to the court's letter, I indicated that you actually have to get to the merits of it to decide whether or not you're right. So you never raised this before and you're discussing it now. And so ultimately on the merits, I'd like to know a little bit. You say it doesn't matter whether Stuart was getting the drugs for personal consumption on page 21 of your brief. But why shouldn't it? Because the statute says a person has to be using the firearm during and in relation to a drug trafficking crime, dot, dot, dot, for which the person may be prosecuted. So that statute must be referring to the same person who's using the firearm, right? So is she using the firearm in a drug under Section 2 of Holland in his drug distribution? But the problem is for the first part of that, before we get to any separate accomplice liability, the definition of a drug trafficking crime in the statute is a felony, right? It's defined, that has to be a felony. But for her possession is a misdemeanor, right? If it's a possession for personal use? Yes. Okay. So that can't be the predicate crime, right? Her possession is not a felony and therefore it can't be the drug trafficking crime for which she can be prosecuted. She cannot be prosecuted for a felony since simple possession is not a felony drug trafficking crime. Right. And you're not contesting or you're conceding that the record supports she was just buying drugs for herself, right? No. Okay. So your whole theory of liability is going to depend on using accomplice liability to overcome that. Do you have any evidence that the jury thought that she was committing a drug trafficking crime? Did the instructions make that absolutely clear? Other than the accomplice liability and explaining what it's, what the elements are for an accomplice to be responsible for being involved in drug trafficking, I think that was enough. And if we're dealing with the actual innocence standard, which we are, you look at the entire record, as you suggested, and the question then is whether or not in light of all the evidence, it's more likely than not that no reasonable juror properly instructed would have convicted him. And in this particular case, I think it's, it is immaterial that the steward was getting drugs for her personal use. If Holland, as a drug dealer, which she testified she knew he was a significant drug dealer, requested a firearm, this court has routinely instructed juries that firearms are tools of the during and in relation to Holland's drug trafficking activities provided him the gun. She's guilty of 924 C. This is her use or possession, right? Is there anything in the record to support a jury finding that Holland possessed a firearm in furtherance of a drug trafficking crime? As an accomplice. Okay, so he didn't himself possess it. What you have to do her use her possession with his drug trafficking, right? Use a complicity ability to stitch those two together. I think that's one way of doing it. The other is when Holland got the gun, he is in possession of it in furtherance of his ongoing drug trafficking act. That's what I wanted to ask. Is there evidence in the record that supports that after he received it, that he was if you think that you have something that supports that and if it fits together with jury instructions on that, I don't have anything a record that he that somebody came forward and said I saw him two weeks later with that same gun. But the question is, based on all the evidence, could a jury infer that he didn't throw it away when he drove away? We know he had a gun when he murdered Jason. He didn't throw it away. But did anything in the instructions direct their attention to that? Or did the prosecution argue that after he got it, he was possessing it in furtherance? Anything like that? No. Okay. I mean, it wasn't it wasn't necessary given the accomplice liability instructions. So the theory at trial and the instructions focused on the accomplice liability idea that you were stitching together her use with his drug trafficking. Yeah, her her use of the firearm with his drug trafficking. Yes. And and I would note that this was something that was clearly discussed during a trial. And I'm not trying to say that I was I was thinking ahead. I don't want to ever be accused of of being prepared for something like this. But we discussed it sidebar with the court, the application of Smith to this case and the was not the individual who was trading the gun for the drugs. And we asked for the accomplice liability. We charged it. And the defense never raised it when they appeal. They could have argued. So but your colleague on the other side made a plain error argument. And you can you can respond to that. Do you do you think that the prongs of Alano aren't satisfied here? Well, I think in this particular case, the he had the opportunity to pursue on direct appeal. He did not raise this. He could have been the Watson case if he thought that. So, again, that's another way of saying he forfeited it. Yes. He's saying, nevertheless, he satisfies the prongs of Alano. Obviously, you're saying there wasn't an error. But if there was an error, is there any reason to think it wasn't plain or didn't affect substantial rights? Yes. If if you're talking about the error in this case having to do with whether or not as accomplice, he would be able to reasonably foresee that a drug or that a gun would be used in this transaction. There is no doubt that a jury would convict in this particular case because that was the entire purpose of the transaction for the gun to be present there. So it's it's in my view, there's there's no basis to make that that argument. And that's another way of I think that's another way of saying there's no error. So is there is there any anything about the fourth prong here that would make it, you know, it doesn't really affect fairness or integrity if it were an error? Other than the fact that he's serving a life sentence and this is a five year consecutive sentence and whatever occurs here would not impact on that. All right. That's that's a Feldman can address that in rebuttal. Let me ask you about this. Are you aware of other accomplice liability instructions that have this? I mean, the pejorative way would be to say Frankenstein quality of stitching together an actus reus, you know, part, you know, an actus reus from one person with a mens rea from another person or maybe that maybe the infertility is part, but it seems like it's a purpose requirement. You've seen other cases like that you could direct me to because it's at least unusual. And when I've taught accomplice liability, I'm not used to seeing cases like that. Well, I'd look at Smith Smith about what's how you what use would be. I can point to court to Seventh Circuit case in Spalding. I have that handy United States versus Spalding where the court said that this is this is an appropriate case for that. In that case, they also cited United States versus Stott, S-T-O-T-T, 245 Fed Third 890, a Seventh Circuit case where in that case an individual gave a gun to a drug trafficker because the drug trafficker said they needed to help themselves to protect themselves. There was no bartering for money. It was just providing somebody with the firearm during and in relation to that person's drug trafficking crime for which they aided and abetted under accomplice liability. Accomplice liability. So some other circuits, other circuits have allowed the aiding and abetting to go forward. That's your argument is the Seventh Circuit and some others are OK. And if I if I could, the one thing I would point out with regards to the the aiding and abetting provision, I think it to conflate Abuela with a 924 C prosecution is wrong. This court has twice indicated that Abuela is restricted to an 843 B prosecution and has no application to a situation where somebody is being charged as an accomplice under Section 2. Where did we say that? In United States versus Hewitt and in United States versus Daniels. Daniels was 2019. Hewitt, I believe, was in 2012. But in those cases, the this court said that we are not going to extend Abuela beyond the unique holding of it applying to an 843 B where the specific language of that statute contains the word facilitate. But 924 C doesn't contain anything like that. And it's it's designed to dress an entirely different harm. The introduction of the firearm into the drug trafficking arena, as opposed to somebody buying a rock or crack cocaine and picking up a phone to buy it there. This court has as previously, like I said, instructed juries on the tools of the trade of firearms and how you're trying to to prevent that from happening. And in this particular case, there is no misdemeanor offense of using or carrying a firearm in furtherance of drug trafficking. And that's what was done here. Even if she didn't get anything in exchange for providing Holland with a gun, the fact that she provided it to a known drug trafficker for what the jury could infer would be for his protection, would be enough to satisfy it. I think there were no instructions or argument that went to his being a known drug trafficker that it was for his protection, right? That wasn't the government's theory of trial. That's correct. But but in the context that we're in where we're not on direct appeal, we're on collateral review. And the issue is whether or not he can establish actual innocence and the court's supposed to look at the entire record and what a reasonable, properly instructed jury would have found our position. It is they cannot establish that under these circumstances more likely than not that no reasonable juror, not jury, no reasonable juror would vote to convict in this case. So a properly instructed jury on all those theories. Looking back now. And so my guess is that you would make the same response if Mr. Feldman would argue rule lenity, that that would might be a decent argument on direct review. But here we are, the actual innocence exception, schloppy Dello and all of that, you know, really requires that, you know, if if this were retried before a jury, you know, there's no way that more likely than not that no jury would would convict. And juror, not not jury. Right. So it's limiting it to that. So, yes, I agree. And again, it's worth pointing out that when Holland had the opportunity on direct appeal from his conviction to present the issue that he objected to and preserved, chose not to when when he had the opportunity to do so, he raised it in the 2241 context, despite the court telling him, you know, through the 2255. So and. I'm. I'm at a loss for a loss for words like Mr. Feldman. It's contagious. I have too many papers in front of me when I based on everything that's presented here and given the standard of actual innocence where he would have to establish that he did not. And as a matter of fact, the district court made such a finding. So even if this court concludes that the district court properly exercised its jurisdiction, like the court did in Bruce and the court did in Cadero here, as in those cases, the court found he couldn't establish actual innocence. And it was the best place to look in the record for that. What do you think is the strongest support for what the district court's clearest statement of his? This guy's not actually innocent. In Judge Brand's opinion, where he talks about the merits of it and he discusses accomplice liability, I would note that I would note that even though Rosemont has been discussed, Rosemont was never raised. Rosemont was decided in 2014. It was not raised in the 2241 motion. It wasn't raised until the briefs were filed and Mr. Feldman quite properly and candidly conceded that it had never been raised. So having been decided in 2014 and the request for permission from this court to file a second or successive 2255s that were filed in 2017 didn't mention Rosemont. And a 2241 that was filed with Judge Brand did not mention Rosemont either. And the district courts have held that Rosemont has not been held by the Supreme Court to be ethical to cases on collateral review. It goes not to the substantive criminal offense. It just So I'm looking at Judge Brand's opinion and I want to see because the court didn't discuss this jurisdictional bar, I'm a little skeptical that it considered the Schlott versus Dello innocence exception to it. Court seemed to think under Dorsonville, there's jurisdiction and we just proceed to the merits. And the court just said he's not actually innocent. No reasonable juror could find him actually innocent. It seemed to do with a matter of statutory interpretation there on use and accomplice liability, aiding and abetting. So when I'm looking at Judge Brand's opinion at 16A, 17A, 18A, that all is about accomplice liability. I don't see anything about it being, hey, afterwards he was possessing it for his protection. So I don't think Judge Brand addressed that, the argument you're making now. He did not. I don't see that. I don't see that in there. Is there anywhere in the record any of the prior decisions? I don't think they addressed that. I don't think they got to this issue. So this is an argument I think you're making on appeal for the first time. And not that we can't consider it because if we find this is under abuse of the writ or whatever, but okay. I agree that I didn't articulate my position as clearly as I should have before Judge Brand and did not rope in the actual innocence discussion, spoke simply about the fact that even under Watson, he would have met the accomplice. The accomplice theory is preserved and we have findings on the accomplice theory. It's just your backup theory now that he was a known drug trafficker who possesses for protection. We have no fact findings from the district court, correct? We only have fact findings on the accomplice liability theory. Correct. There was no hearing. We argued simply on the record from the trial and did not ask for a hearing or make any argument to that effect. But that is what- Could that be because there's really nothing on the record to support that theory? There would be argument. I get your argument, but what facts on the record support that theory on this record? I mean, in this record, it's replete with evidence that Holland was a major drug trafficker. I get it. I get it. But after he gets the gun, there's nothing to suggest he used it furtherance of his drug activity. There's no specific evidence, is there? There is no evidence from a witness that he possessed that gun in furtherance. However, as courts have held, the jury is free to infer that, in fact, he held that gun in furtherance. That was the purpose of getting the gun. And as we're looking at this, looking at it on direct appeal, the burden is on the defendant to show that under the facts of this case, a properly instructed juror would- no juror would vote to convict if properly instructed. And based on this and the fact that the entire purpose of this transaction was to get the gun for this drug trafficker, and he knew ahead of time that that was the purpose of it, that is- the defense has failed. Okay. Judge Porter? No. Thank you very much. Mr. Feldman? You're muted, Mr. Feldman. I'm sorry, you're muted. All right. Sorry about that. With respect to the jurisdictional issue, under D'Arseneville, for the district court to have jurisdiction to hear the savious petition, Mr. Holland had only to demonstrate a colorable claim that- under Watson. He didn't have to show that he would prevail. The court did not lose jurisdiction. Let's say we have jurisdiction. There's still the equitable abuse of the writ doctrine. And your colleague makes an argument, you know, this is one we have the power to invoke. I don't know if you have any authority of the contrary, but why shouldn't we exercise our discretion here, where he makes an argument that, you know, if the jury were properly instructed, it would have found, ah, this guy's a drug trafficker. There's plenty of innocent drug traffickers. You know, there's a very high standard under Schlup versus Dello for actual innocence. So why wouldn't we invoke the abuse of the writ doctrine and say, enough is enough? Well, I think, Your Honor, you're talking about- the abuse of the writ, Your Honor, has to do with failing to- for raising a claim in a savious petition for the first time. Well, this- he didn't raise this for the first time. This is like the third time he raised this issue. So abuse of the writ doesn't even apply in this case. For the successive petition, it also, you know, for the reasons I've stated, it doesn't apply. But even if it did, this court doesn't have jurisdiction under 2244A to exercise discretion to dismiss a habeas petition. No court shall be required to. No, it doesn't say that. It says, let me get the- it says no circuit or district judge shall be required to entertain an application for writ of habeas corpus. This court is not being asked to entertain an application for writ of habeas corpus. This court has been asked to review Judge Brand. Judge Brand is the judge that had the discretion under 2244A, not this court. And most of this court could remand it to Judge Brand to exercise the discretion. But as I said before, I don't think- I think it would be an abuse of this discretion not to hear this case. Second, with respect to the aiding and abetting, the accomplice liability, there was no evidence at all that Mr. Holland ever used this gun. I mean, maybe he did. I don't know. But there's no evidence on the record that he did. And there has to be evidence. I crime or a crime of violence, there's no evidence to use this gun for that purpose. And that was never the theory of the government at trial or even in this habeas petition. So I don't think there's anything there. With respect to the prejudice, whether Mr. Holland is prejudiced by this five-year consecutive sentence, I think he is. And that's because there is a possibility that these five years could, in fact, increase his sentence. And the reason- increase the time he has to spend in prison. And the reason for it is this. Mr. Holland was sentenced to a life sentence because at the time he committed this offense, this was the second drug offense. And under 841A1 or B1, at that time, this was an automatic life sentence, a mandatory life sentence, because he had two priors. And the government filed the after the First Step Act, that's changed. In the First Step Act, Congress changed that to make it a mandatory 25-year sentence, not a mandatory life sentence. Now, it didn't make that retroactive. But what it did do in the First Step Act, it amended Section 383A1A to give prisoners the authority under certain circumstances to file motions with the district court to reduce their sentence for extraordinary and compelling reasons. And I think that he has a colorful claim for that in this case, that this change in the law gives the district court the authority to lower his sentence under 3583A1A. And courts have held as much with respect to the stacking rule on 924C cases. And I think that he certainly has a colorful claim on this one as well. And furthermore, other things could happen in the future, which would give him grounds to file such a motion and the judge might grant it and lower his sentence. But because of this consecutive five years, he might have to spend more time in prison. So I think he is prejudiced by this. Also, at the time, he could have raised this issue on direct appeal, but he didn't. And probably the reason he didn't is because around the time he was filing this appeal, this court ruled that trading drugs for a gun violated 924C. I think it was a Sumler case, I think was the name of it. And so his lawyer made the decision not to raise it on direct appeal, knowing that he would lose and decided, for whatever reason, he didn't raise it. But he's not required to under Dorsen Bill to do that. I mean, the fact is, he meets the Dorsen Bill requirements, and that's all that's required for the court to have jurisdiction. With respect to Rosemond, it's true that this was not raised in the habeas petition. But as I've said, there was no reason to raise it until this basis for granting habeas relief or raise it as a basis to reverse the judgments of the district court. Because the district court denied relief because it found that the jury had been properly instructed on the habean abetting account, when in fact, I think under plain error, it wasn't. If the court has any further questions, that's all I have. So thank you. Judge Bevis, Judge Porter. Thank you very much, gentlemen. Thanks for your time. Thanks for your briefing. Thanks for the supplemental briefing. Have a great rest of the day. You'll hear from us soon. Take care. Thank you.